McMILLAN, Judge.
On February 5, 1991, the appellant, Josie Reedus, was convicted of the unlawful distribution of cocaine and was sentenced to life imprisonment plus an additional five years’ enhancement. Her conviction was affirmed in an unpublished memorandum. Thereafter, she filed a Rule 32, AR.Cr.P. petition, claiming ineffective assistance of counsel and insufficient evidence, the latter claim based upon an allegedly tainted and insufficient in-court identification. The basis of the ineffective assistance claim was her attorney’s alleged failure to challenge the in-court identi *1296 fication and to conduct a reasonable investigation of the appellant’s case. The State responded with a general denial of the grounds of the petition and further pleaded that the appellant’s constitutional rights had not been violated. The trial court then summarily denied the petition, stating that the court was aware of the abilities of the appellant’s trial attorney, that the allegation of ineffective assistance was without merit, and that, even if all of the appellant’s statements were true, she had not established ineffective assistance.
The State has requested that this court remand this case for the trial court to specify the reasons for its dismissal with regard to all of the claims raised in the appellant’s petition. A statement of the reasons for the trial court’s decision is essential in order to afford the petitioner due process on her appeal of the dismissal. See Sheats v. State, 566 So.2d 1094 (Ala.Cr.App.1989). The court in this case failed to include in its order any findings relating to the claim of insufficient evidence. Further, the order fails to specify to which of several instances of ineffective assistance its that the claim is “without merit” or “not ... established” refers.
Therefore, we remand this cause to the trial court. Upon remand, the court may require a further response from the State, may conduct an evidentiary hearing, or may take such further action as is necessary. If the trial court determines that the petition should be summarily dismissed, it must provide in writing the specific grounds of dismissal. A return should be filed with this court within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.