On Return to Remand

McMILLAN, Judge.
We remanded this cause in order for the circuit court to specify its reasons for summarily dismissing the appellant’s Rule 32, Ala.R.Cr.P., petition, 649 So.2d 1295. That court has now filed its return, stating that, following an evidentiary hearing, the court has found the following:
(1) The appellant’s argument that there was insufficient evidence to support a conviction is part of her claim of ineffective assistance of counsel, rather than an independent claim; therefore, the State’s motion to dismiss the claims related to this argument on procedural grounds is moot;
(2) The appellant’s counsel was not ineffective for failing to seek to exclude an investigator’s in-court identification of the appellant because the photograph to which the appellant objects was used to refresh the investigator’s memory and was not in the nature of an unconstitutional photographic line-up;
(3) The appellant’s counsel was not ineffective with regard to the investigator’s voice identification of the appellant, because counsel attempted to restrict the use of the recording of the appellant’s voice and there was no evidence that the recording was unlawfully obtained;
(4) The appellant’s counsel was not ineffective for failing to raise the issue of the ownership of the dwelling in which the offense *1297 occurred, because ownership was not a material issue and was not relevant with regard to the appellant’s guilt or innocence;
(5) There was no evidence that the appellant’s counsel failed to conduct adequate discovery; and
(6) There was no evidence that the appellant was prejudiced by her counsel’s decision not to present character evidence.
In addition, the trial court found that the performance of the appellant’s counsel was well within the range of competent legal representation and that the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), necessary to prove a claim of ineffective assistance of counsel had not been met. Because Rule 82.7(d), Ala.R.Cr.P., provides for the summary disposition of a petition that fails to state a claim, and because the findings of the trial court are supported by the record on appeal, the trial court’s dismissal of the appellant’s petition is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.